IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:20-CR-35-BO-1
No. 4:24-CV-47-BO

RONNIE LOUIS BILLINGS,            )
                                  )
                    Petitioner,   )
                                  )          **ORDER**
       v.                         )
                                  )
UNITED STATES OF AMERICA,         )
                                  )
                    Respondent.   )

This matter is before the Court on petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [DE 146]. The government has moved to dismiss petitioner's motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or alternatively for summary judgment under Rule 56. [DE 150]. Petitioner has failed to respond to the motion to dismiss and the time for doing so has expired. The matter is now ripe for ruling. For the reasons discussed below, the government's motion is granted.

## **BACKGROUND**

On September 19, 2022, petitioner pled guilty to one count of distribution of five grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). [DE 103]. On March 21, 2023, the Court sentenced petitioner to 240 months of imprisonment. [DE 140]. Petitioner did not appeal. [DE 147] at 2.

Prior to his guilty plea to the indictment in this case, on August 20, 2020, petitioner pled guilty in Craven County Superior Court to one count of negligent child abuse resulting in serious physical injury and was sentenced to 22-36 months of imprisonment. [DE 136] ¶ 46. Petitioner

was in state custody from May 8, 2019, until February 17, 2022, when he was transferred to federal custody. [DE 136] at 1. The time petitioner spent in state custody for the negligent child abuse conviction was credited against unrelated 2017 state charges. *See* [DE 136] ¶ 45; [DE 151-1] at 1.

On March 20, 2024, petitioner, proceeding with counsel, filed a § 2255 motion to correct his sentence alleging ineffective assistance of counsel. [DE 146]. The government seeks dismissal of petitioner's § 2255 motion, or summary judgment in the alternative. [DE 151]. For the reasons discussed herein, the Court dismisses ground one of petitioner's motion and grants the government's motion for summary judgment as to ground two.

## DISCUSSION

A court may vacate, set aside, or correct a petitioner's sentence when they have shown that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If the court finds that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack... [the court shall] correct the sentence as may appear appropriate." *Id.* § 2255(b). The goal of § 2255 is to "place [the defendant] in exactly the same position he would have been in" had there been no error. *United States v. Silvers*, 90 F.3d 95, 99 (4th Cir. 1996). Additionally, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)). If the record "conclusively show[s] that the

2

prisoner is entitled to no relief," no evidentiary hearing is required. *See* § 2255(b); *United States v. Witherspoon*, 231 F.3d 923, 925-26 (4th Cir. 2000).

A Rule 12(b)(6) motion to dismiss must be granted if the pleading fails to allege enough facts to state a claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* R. 12, Rules Governing Section 2255 Proceedings. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, to survive a motion to dismiss, a complaint most contain claims that are facially plausible, and which "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering a Rule 12(b)(6) motion, the court "must take the facts in the light most favorable to the plaintiff," but "need not accept the legal conclusions drawn from the facts" nor "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

A party's motion for summary judgment must be granted under Rule 56 if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Thus, summary judgment will be granted "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the initial burden of showing an absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When evaluating whether the moving party has carried its burden, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment.

3

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). If the non-moving party cannot establish a genuine dispute of material fact, the court should grant summary judgment. *See* R. 56(a), (e).

Petitioner alleges that his counsel was constitutionally ineffective. There are two components to a claim of ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, a petitioner must show that counsel's performance failed to meet an objective standard of reasonableness, outside of the "range of competence demanded of attorneys in criminal cases." *Id.* at 687-88 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). Second, a petitioner must show that counsel's deficient performance prejudiced his defense, such that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687, 694. A court need not consider both prongs under *Strickland* if a petitioner fails to prove one of them. *Moore v. Hardee*, 723 F.3d 488, 500 (4th Cir. 2013). Courts are "highly deferential" towards counsel's performance and apply a "strong presumption" of reasonableness. *Strickland*, 466 U.S. at 689. Further, counsel need not file meritless motions. *Moody v. Polk*, 408 F.3d 141, 151 (4th Cir. 2005) (citing *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984)).

Petitioner first claims that counsel "never reviewed the draft PSR" with him and submitted a single objection to the PSR "well past the due date." [DE 146] at 4. No further facts, evidence, or arguments are offered by petitioner on ground one. Petitioner's conclusory statements in ground one fail to allege enough facts to state a claim for relief and are therefore insufficient. This claim is therefore dismissed.[1]

---

[1] The government does not address petitioner's first ground for relief in its motion to dismiss, likely because it is not addressed by petitioner in his brief in support of his § 2255 motion. [DE 146-1]. However, the Court determines it nonetheless has authority to dismiss petitioner's first

4

Second, petitioner claims that his counsel should have requested that the Court run his federal sentence concurrent with his state sentence because his state child abuse charge and federal drug trafficking charges resulted from discoveries made during the same search. [DE 146-1] at 4; [DE 136] at 5. An increased prison term establishes prejudice under *Strickland*. *Glover v. United States*, 531 U.S. 198, 200 (2001). However, respondent has established that no genuine dispute of material fact exists as to whether counsel's performance was deficient. When calculating a federal sentence, a defendant cannot be credited for time served that has been credited against another sentence. *See* 18 U.S.C. § 3585(b). Here, petitioner's time in state custody for the child abuse charge prior to his initial appearance in federal court on February 17, 2022, was already credited to unrelated 2017 state drug charges. *See* [DE 136] ¶ 45; [DE 151-1] at 1. Thus, there is no legal basis for running petitioner's federal sentence concurrent with his state sentence, and petitioner's counsel was not required to file a meritless motion requesting such action from the Court. *Moody*, 408 F.3d at 151. Considering the strong presumption of reasonableness and great deference given to a defendant's counsel, respondent has established that there is no genuine dispute of material fact as to petitioner's second ground for ineffective assistance of counsel. Consequently, on ground two, the Court grants respondent's motion for summary judgment under Rule 56. [DE 150].

## **CERTIFICATE OF APPEALABILITY**

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by

---

ground for relief as it fails to state a plausible claim and appears otherwise abandoned. *See* R. 2(b), Rules Governing Section 2255 Proceedings; *see also* [DE 146-1] at 3, 5 (presenting one issue and requesting that the Court remedy only trial counsel's failure to seek state custody credit at sentencing).

5

demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

Accordingly, the government's motion to dismiss or in the alternative for summary judgment [DE 150] is GRANTED. Ground one of petitioner's § 2255 motion is dismissed and summary judgment in favor of the government is granted as to ground two. Petitioner's motion [DE 146] is thus DISMISSED in part and DENIED in part. A certificate of appealability is DENIED.

SO ORDERED, this __4__ day of June 2025.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE